**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1006**

_____

JOAQUINA CARLOS MARCOLINO DO NASCIMENTO; MADALENA CARLOS
MARCOLINO DO NASCIMENTO; FILIPA MARCOLINO DO NASCIMENTO,

        Petitioners,

     v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted:  August 10, 2011      Decided:  September 7, 2011

_____

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

_____

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

_____

Jennifer Vetter Landeo, LANDEO & CAPRIOTTI, LLC, Gaithersburg,
Maryland, for Petitioners.   Tony West, Assistant Attorney
General, Cindy S. Ferrier, Senior Litigation Counsel, Timothy G.
Hayes, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joaquina Carlos Marcolino Do Nascimento, Madalena Carlos Marcolino Do Nascimento, and Filipa Marcolino Do Nascimento (collectively "Petitioners"), natives and citizens of Angola, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In their brief on appeal, the Petitioners argue that they established extraordinary circumstances to excuse their failure to file their asylum applications within the one-year deadline. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), and find that the Petitioners have failed to raise a constitutional claim or colorable question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Given this jurisdictional bar, we cannot review the underlying merits of their asylum claims. Accordingly, we dismiss this portion of their petition for review.

The Petitioners also contend that the Board and the immigration judge erred in denying their request for withholding of removal. "Withholding of removal is available under 8 U.S.C.

2

§ 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (citations omitted); see 8 U.S.C. § 1231(b)(3) (2006). Based on our review of the record, we conclude that substantial evidence supports the denial of the Petitioners' request for withholding of removal.

Finally, the Petitioners challenge the denial of their request for protection under the Convention Against Torture. To qualify for such protection, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2011). Based on our review of the record, we conclude that substantial evidence supports the denial of the Petitioners' request for relief. See Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007) (setting forth standard of review).

Accordingly, we dismiss the petition for review in part and deny the petition for review in part. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART</u>
<u>AND DENIED IN PART</u>

4